**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**JODY LEE JOHNSON**

**v.** **C.A. No. 08-15 ML**

**STATE OF RHODE ISLAND, et al.**

**REPORT AND RECOMMENDATION**

Jacob Hagopian, Senior United States Magistrate Judge.

Presently before the Court is a motion by plaintiff, Jody Lee Johnson, *pro se*, to order the filing fee paid in the instant case be refunded to his prison inmate account. Docket # 8. This matter has been referred to me for determination. As I have concluded that the motion should be GRANTED, but that, as a result, the action should be DISMISSED, I have addressed the matter by way of this Report and Recommendation.

Plaintiff, an inmate in the custody of the Rhode Island Department of Corrections, filed a Complaint pursuant to 42 U.S.C. § 1983 on January 11, 2008. Docket # 1. On March 26, 2008, Chief United States District Judge Lisi issued an Order (the "March 26th Order") stating that "Plaintiff shall be *permitted* to pay the filing fee in installments" of $150 on April 15, 2008; $100 on May 15, 2008; and $100 on June 15, 2008. Docket # 7, emphasis added. However, the March 26th Order further stated that "[s]hould Plaintiff fail to make the first installment as directed, this matter will be dismissed without prejudice and without further notice to Plaintiff." *Id.*

As a result of the March 26th Order, and despite the permissive nature thereof, the Rhode Island Department of Corrections inmate accounts department automatically sent $150 to the Court

from plaintiff's account prior to the April 15, 2008, apparently without inquiring if plaintiff desired to pay the filing fee or have his case dismissed. Plaintiff's 'encumbered' account was debited, as he did not have adequate funds in his 'available' account to cover the first fee installment.

In his current motion for a refund, plaintiff makes it clear that he would have chosen not to pay the filing fee. Therefore, as the March 26th Order did not require him to pay the filing fee, plaintiff's motion for a refund of the fees paid with respect to the instant action is GRANTED.

In addition, in accordance with the mandate of March 26th Order, since plaintiff chooses not to make the installment payments, I recommend that the instant action be DISMISSED without prejudice and without further notice to plaintiff.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed.R.Civ.P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986)(*per curiam*); Park Motor Mart, Inc. v Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
Date: July 14, 2008